| | | |
|---|---|---|
| | AUSA: Barbara Lanning | Telephone: (313) 226-9100 |
| AO 106 (Rev. 04/10)  Application for a Search Warrant | Special Agent: Brandon Follrod | Telephone: (313) 234-4000 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>one white iPhone with a brown leather case and one black<br>Alcatel flip phone (more fully described in Attachment A) | Case: 2:20-mc-50898<br>Judge: Steeh, George Caram<br>Case No.  Filed: 08-03-2020<br>IN RE:SEALED MATTER(SW)(MLW) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See ATTACHMENT A.

located in the _____ Eastern _____ District of _____ Michigan _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See ATTACHMENT B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC § 841(a) | Possession with intent to distribute controlled substances |
| 18 USC § 922(g)(1) | Felon in possession of a firearm |

The application is based on these facts:

See attached AFFIDAVIT.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Brandon Follrod, Special Agent (DEA)
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: August 3, 2020

_____
*Judge's signature*

City and state:  Detroit, Michigan

Hon. Anthony P. Patti,  U. S. Magistrate Judge
*Printed name and title*

## **AFFIDAVIT**

I, Brandon Follrod, being first duly sworn, hereby state the following:

## I.   **INTRODUCTION AND AGENT BACKGROUND**

1.     I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of the cellular telephones described in Attachment A (the "Target Devices"), and the extraction from that property of electronically stored information described in Attachment B.

2.     I am a Special Agent with the Drug Enforcement Administration (DEA), and have been since June 2019. I have received specialized training on the subjects of drug trafficking and money laundering from the DEA, I have been personally involved in investigations concerning the possession, manufacture, distribution, and importation of controlled substances, as well as methods used to finance drug transactions, launder drug proceeds, and conceal assets and fruits of the crime. I am familiar with and have participated in the normal methods of drug trafficking and money laundering investigations, including, but not limited to, conducting undercover operations, visual and video surveillance, witness questioning, obtaining and executing search and arrest warrants, and managing and using informants. I presently work in conjunction with other federal and local law

enforcement officials and agencies investigating drug trafficking throughout the United States.

3.     Through my training, education and experience, I have become familiar with the manner in which illegal drugs are transported, stored, distributed and the methods of payment for such drugs. I have also become familiar with the methods of laundering the proceeds of narcotics transactions and hiding or concealing assets purchased with drug proceeds, or other fruits of the crime. Based on my training and experience, I know the techniques drug traffickers use to thwart law enforcement include the use of coded language to arrange drug purchases, routine changing of phone numbers and using counter-surveillance techniques.

4.     I have participated in several Title III investigations in which I was responsible for monitoring the communications of subjects involved in aspects of drug trafficking and money laundering. In conjunction, I have experience conducting and monitoring physical and electronic surveillance specific to intelligence derived from said communications, as well as extensive experience in conducting cellular phone toll analysis of cellular phones involved in drug trafficking communications. I also have extensive experience in the analysis of data and records extracted from cell phones and other electronic devices to include tablets and computer devices.

5.    Based upon my training, experience, knowledge, and through conferring with other investigators regarding narcotics investigations, I know that:

    a.    Drug traffickers maintain books, records, receipts, notes, ledgers, airline tickets, money orders, and other papers relating to the procurement, distribution, storage, and transportation of controlled substances, e.g., the telephone numbers of customers and sources, the amount of controlled substances distributed to various customers, along with running totals of debts owed by those customers. I know these things are often now kept in electronic format on cell phones and in tablets and computers. These records are often maintained for several years. I also know that electronic devices can contain data about locations frequented by the user, and that drug traffickers often visit locations utilized by the organization or associated with co-conspirators.

    b.    Evidence of drug trafficking can be found in electronic format, e.g., email messages from financial institutions, text messages directing a co-conspirator about a certain account and account number, etc.). These types of records are stored for long periods of time and can be recovered with forensic tools.

    c.    Drug traffickers take or cause to be taken photographs of themselves, their associates, their property and their product. These traffickers usually maintain these photographs at their residences and/or other properties that they control. (Many—if not most—photographs and videos currently taken are stored electronically, e.g., on cell phones and in tablets and computers) Photographs and videos on electronic devices are helpful to show owner attribution, e.g., if a device is known to be

used by a drug trafficker the photographs on that device are likely taken of and/or by the user and can be used to prove the same. These photographs, which may contain images of narcotics, narcotics proceeds or ledgers, are often sent to co-conspirators.

d. It is common for individuals involved in drug trafficking to maintain and utilize multiple cellular devices simultaneously to further their drug trafficking. It is common for individuals to keep separate phones for different co-conspirators (such as one phone for a source of supply, a different phone for couriers, and another phone for customers).

6. This affidavit is based on my own personal observations and knowledge and information, as well as information received from DEA agents, task force officers, and other state and local law enforcement officers.

7. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant, and it does not set forth all of my knowledge about this matter.

## II.   THE TARGET DEVICES

8. I am conducting an investigation into CHESTRIA BELL (B/M; DOB: XX/XX/1973) for violations of 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm and 21 U.S.C. § 841(a) – Possession with Intent to Distribute a Controlled Substance, among other state and federal criminal violations. Based on my investigation, there is probable cause to believe that evidence related to that

offense is located on the cellular telephones described below (the "Target

Devices"):

    a.  One (1) White IPhone with brown leather case; and

    b.  One (1) Black Alcatel Flip phone.

9.     In May 2020, agents of the DEA Detroit Operation Relentless Pursuit

began investigating CHESTRIA BELL for his involvement in a Drug Trafficking

Organization (DTO).

10.    BELL has multiple prior felony convictions, including:

    a.  1992 – carrying a concealed weapon – Detroit Recorder's Court

    b.  1995 – delivery or manufacture of a controlled substance less than 50
       grams – 3rd Circuit Court

    c.  2001 – delivery or manufacture of a controlled substance less than 50
       grams – 3rd Circuit Court

    d.  2003 – possession with intent to deliver on school property a  controlled
       substance less than 50 grams – 3rd Circuit Court

    e.   2008 – delivery or manufacture of a marijuana – 3rd Circuit Court

11.    During the course of their investigation, agents discovered that BELL

maintained the business Privilege LLC. Open source data bases list BELL as the

agent for Privilege LLC.

12.     Agents identified three locations associated with BELL relevant to their investigation. These locations are:

    a.  **19460 Fielding Street, Detroit, Michigan**: BELL'S residence and mailing address of Privilege LLC.

    b.  **5185 Vermont Street, Detroit, Michigan:** a residential property managed by Privilege LLC. As explained later in this affidavit - this location operated as counter surveillance for BELL's DTO.

    c.  **5187 Vermont Street Detroit, Michigan**: a property managed by Privilege LLC. As explained later in this affidavit – this location was distribution center for heroin and cocaine for BELL's DTO.

13.     Agents obtained search warrants for the properties at 19460 Fielding, 5185 Vermont, and 5187 Vermont on July 20, 2020 from Judge McNally of the 33rd District Court of Michigan.

14.     The search warrant for 19460 Fielding authorized Agents and Task Force Officers (TFOs) to seize electronic devices at the location.

15.     Agents recovered two (2) cell phones from a nightstand in the master bedroom of 19460 Fielding Street, Detroit, MI:

    a.  One (1) White IPhone with brown leather case; and

    b.  One (1) Black Alcatel Flip phone.

16.     During the execution of the search warrant at 19460 Fielding Street, BELL, his girlfriend, and their young child were present in the home. BELL told

agents that the white iPhone and the black Alcatel phone recovered from the nightstand in the master bedroom belonged to him.

### III.   <u>PROBABLE CAUSE</u>

17.     This affidavit is based in part on information provided by confidential Sources of Information (SOIs). The true identity of SOI 1 and SOI 2 is known to affiant. The SOIs mentioned in this affidavit have been proven reliable in several facets. Each of the SOIs provided information about BELL that has been independently verified and corroborated, such as addresses and the vehicle used by Chestria BELL.

18.     In May 2020, I spoke with SOI 1 to discuss a drug trafficking operation occurring at 5187 Vermont Street, Detroit, MI. SOI 1 stated that a black male known as "CORN" sells cocaine, crack, heroin and fentanyl at this location. SOI 1 described "CORN" as a clean-cut black male with a tattoo on the left side of his neck. SOI 1 stated that "CORN" drives a red Buick Sedan. SOI 1 further stated that "CORN" does not reside at 5187 Vermont Street but utilizes the residence to complete daily drug transactions.

19.     After speaking with SOI 1, on May 15, 2020, I observed a red Buick Lacrosse (MI Plate DZC8702) parked in front of 5187 Vermont Street. Affiant conducted a computer check on the registration of the Buick and observed it registered to Wonda Bell of 19440 Fielding Street in Detroit, MI.

20.     Using open source data bases, affiant discovered that Chestria Cornelius BELL had previously used 19440 Fielding Street, Detroit MI as a listed address. Bell's middle name—Cornellius—was significant. Based on my training and experience, drug traffickers will often use an alias to hide their identity from customers as to not be identified by police if they are later investigated. Additionally, drug traffickers maintain aliases that are usually from a part of their true name to make it unique to them. Since SOI 1 referred to the suspect as "CORN," I inferred that "CORN" is derived from the middle name Cornellius.

21.     I conducted a query with Michigan Secretary of State (SOS) and obtained a driver's license photograph of Chestria BELL. I showed SOI 1 the picture of BELL on May 15, 2020. SOI 1 identified BELL as the person SOI 1 knows as CORN. SOI 1 stated "That is one hundred percent him" (referring to the identification of BELL as "CORN").

22.     An open sources database check of BELL showed BELL's current address as 19460 Fielding Street. Michigan SOS records also show BELL residing at 19460 Fielding Street.

23.      In May of 2020, SOI 1 stated that BELL sells eight-balls of crack and heroin for an estimated amount of $300-$500. SOI 1 stated that heroin is packaged in tin foil bindles called "silvers". SOI 1 told Affiant that he has been purchasing drugs from BELL for the last several years.

24.     In the same conversation, SOI 1 advised that the neighbor at 5185
Vermont Street operates as counter surveillance for the neighborhood and alerts
BELL of any law enforcement activity. SOI 1 also stated that BELL has several
properties to disguise his drug trafficking business (to include 5185/5187 Vermont
Street) and that he collects unemployment checks from the occupants of 5187
Vermont Street.

25.     Your affiant conducted an open source data base search on the 5185
Vermont and 5187 Vermont Street addresses and subsequently discovered that the
addresses listed for service under BELL, are owned by "Privilege LLC". Privilege
LLC's mailing address is 19460 Fielding Street Detroit, MI. Additionally, 5185
Vermont Street is owned by Privilege LLC. According to open source data bases,
BELL is the Agent for Privilege LLC.

26.     I and other law enforcement officers have observed BELL and the red
Buick Sedan bearing a Michigan plate DZC8702 on July 16, 2020 at 19460 Fielding
Street, Detroit, Michigan.

27.     On July 16, 2020, Special Agents of DEA Detroit conducted
surveillance at 5187 Vermont Street Detroit, Michigan. During the course of the
surveillance, BELL was observed coming and going from 5187 Vermont Street
several times driving the red Buick. Between the hours of 11:00am and 3:00pm,
while BELL was present in the home at 5187 Vermont, four people entered 5187

Vermont Street and exited after a short stay. According to my training and experience and corroborated information with SOI 1, I believe this short-stay traffic to be drug transactions. Based on my training and experience, I know drug transactions are usually very short in duration as the drug buyer normally makes a quick transaction with the seller and then leaves.

28.     During the course of the surveillance on July 16, 2020, surveillance observed a suspected customer arrive to 5187 Vermont Street in a vehicle. The driver of the vehicle was observed handing an undetermined amount of cash to BELL and followed BELL into 5187 Vermont Street. Several moments later, the driver exited 5187 Vermont Street and entered their vehicle. Agents established surveillance on the vehicle. Agents maintained constant surveillance on the vehicle as it traveled out of the area of Detroit and to the city of Farmington Hills, Michigan. At the direction of the DEA, Farmington Hills Police Department stopped the vehicle for an equipment violation.

29.     During the course of the traffic stop, the driver/lone occupant was found to be in possession of several grams of suspected heroin and crack cocaine. The driver, hereinafter SOI 2, agreed to cooperate and advised they purchased the drugs from "CORN". SOI 2 was arrested and transported to Farmington Hills Police Department where SOI 2 was provided his *Miranda* warning and agreed to speak with investigators. During the course of the interview, SOI 2 stated that they bought

the suspected heroin and crack cocaine from CORN, who investigators know as BELL. SOI 2 stated that they bought the drugs for $100. SOI 2 advised that they have been purchasing heroin and crack cocaine from BELL for several years at 5187 Vermont Street. SOI 2 stated that BELL drives a red Buick sedan. SOI 2 stated that they initiate the drug transaction by using a cellphone to communicate electronically with BELL to determine if there are narcotics present at 5187 Vermont Street, and SOI 2 would then meet BELL at 5187 Vermont to exchange cash for heroin and crack cocaine.

30.     On July 20, 2020 affiant obtained a search warrant for 19460 Fielding from Judge McNally of the 33rd district court of Michigan. This warrant authorized agents to search the Fielding house for documents and records related to narcotics trafficking or Privilege LLC among other items. On July 21, 2020 agents executed search warrants at 5185 Vermont Street, 5185 Vermont Street and 19460 Fielding Street.

31.     During the course of the search, agents observed suspected cocaine residue on a plate in the basement in plain view. Agents also observed small blue packaging baggies in bulk quantity, electronic measuring devices, strainers, and a plastic heat sealer in the basement. The blue baggies were the same type of blue plastic that was recovered from SOI 2. Based on my training and experience, these materials are consistent with packaging illicit narcotics for distribution. While in the

home, agents deployed a narcotic detection K9. The K9 indicated positively on the room in the basement where the aforementioned items were located. The K9 also indicated positively for narcotics on a black safe in the basement, and a dresser drawer in the master bedroom.

32.    On July 21, 2020, after making the observations regarding drug distribution paraphernalia in the Fielding home, Affiant obtained another search warrant for 19460 Fielding from Judge Krot of the 31st district court of Michigan. The second warrant authorized agents to search the Fielding house for narcotics among other items.

33.    While searching the Fielding home for narcotics, agents discovered a total of approximately $281,000 in suspected drug proceeds, 9 firearms, approximately 135 grams of suspected crack cocaine, 1295 grams of suspected marijuana, kilogram pressing equipment and three bullet proof vests with ballistic panels. Agents also recovered two active cell phones from a nightstand in the master bedroom of 19460 Fielding Street: a white iPhone with a brown leather case, and a black Alcatel flip phone. Bell told agents the phones belonged to him.

34.    The Target Devices are currently in storage at the DEA Detroit Division Office. The Devices have been stored in a manner in which their contents are, to the extent material to this investigation, in substantially the same state as they were when the Devices first came into the possession of the DEA.

## IV.    ELECTRONIC STORAGE AND FORESNSIC ANALYSIS

35.    Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

36.    *Forensic evidence*. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

a.    Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b.    Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c.    A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d.      The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.      Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

37.      *Nature of examination*. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

38.      *Manner of execution*. Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## V.    __CONCLUSION__

39.    I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the devices described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

Brandon Follrod, Special Agent
Drug Enforcement Agency

Sworn to before me and signed in my
presence and/or by reliable electronic means.

Hon. Anthony P. Patti
United States Magistrate Judge

Date:    August 3, 2020

**<u>ATTACHMENT A</u>**

The property to be searched is:

1.     One (1) White I Phone with brown leather case (Device 1)

2.     One (1) Black  Alcatel Flip phone (Device 2)


This warrant authorizes the forensic examination of Device 1 and Device 2, the "Target Devices," for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT B**

1.      All records on the Target Devices described in Attachment A that relate to violations of 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm and 21 U.S.C. § 841 – Possession with Intent to Distribute a Controlled Substance and involve Chestria BELL, including but not limited to:

a.      images, including photos and video;

b.      lists of customers or source of supply and related identifying information;

c.      types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

d.      any information related to sources of drugs or customers (including names, addresses, phone numbers, or any other identifying information);

e.      all bank records, checks, credit card bills, account information, and other financial records;

f.      any information recording Chestria BELL for travel inside or outside of the United States;

g.       photographs and/or videos of firearms, ammunition, or locations of specified criminal offenses;

h.      any information regarding the past location of the Target Device;

i.      all incoming and outgoing calls, including all call logs and related identifying information including the telephone number, date, and time of calls made to and from the Target Device;

j.      stored memos pertaining to any of the specified criminal activities;

k.      internet browsing, including favorites and history, pertaining to any of the specified criminal activities;

l.      text messages, including SMS/MMS messages and messages contained in messaging applications installed on the device; and emails to and from BELL, pertaining to the specified criminal activity;

m.      the digital voice recorded messages discussing any aspect of the specified criminal violations;

n.      stored photos and video files relevant to firearms offenses and offenses involving violence including photographs and videos of co-conspirators, victims and locations where firearms are kept; and

o.      social media application data, including Facebook, Instagram, and Twitter, pertaining to any of the specified criminal violations.

2.      Evidence of user attribution showing who used or owned the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, applications, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

AUSA:   Barbara Lanning                   Telephone:  (313) 226-9100

AO 93  (Rev. 11/13) Search and Seizure Warrant          Special Agent:      Brandon Follrod          Telephone:  (313) 234-4000

# UNITED STATES DISTRICT COURT

for the
Eastern District of Michigan

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | ) |
| one white iPhone with a brown leather case and one black | ) |
| Alcatel flip phone (more fully described in Attachment A) | ) |
| | ) |

Case: 2:20-mc-50898
Judge: Steeh, George Caram
Case No.  Filed: 08-03-2020
IN RE:SEALED MATTER(SW)(MLW)

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

      An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Eastern _____ District of _____ Michigan _____ .
*(identify the person or describe the property to be searched and give its location)*:

See ATTACHMENT A.

      I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See ATTACHMENT B.

      **YOU ARE COMMANDED** to execute this warrant on or before   August 17, 2020   *(not to exceed 14 days)*
  ☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

      Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

      The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to  the presiding United States Magistrate Judge on duty  .
                                                                                *(United States Magistrate Judge)*

      ☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
  ☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:  August 3, 2020    12:21 pm _____

City and state:    Detroit, Michigan _____

_____
*Judge's signature*

Hon. Anthony P. Patti,   U. S. Magistrate Judge
*Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

**Certification**

       I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*